LAW OFFICES OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CLARK, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |
| v. | |
| ANTHEM LIFE INSURANCE COMPANY; AND DOES 1 TO 10, INCLUSIVE, | **[29 U.S.C. Section 1132]** |
| Defendants. | |

Plaintiff, STEPHEN CLARK (hereinafter referred to as "Plaintiff"), complains of Defendants ANTHEM LIFE INSURANCE COMPANY AND DOES 1 TO 10, inclusive, (hereinafter referred to as "ANTHEM" or "Defendant") as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan ("Plan") regulated and governed under ERISA. Jurisdiction is predicated under

these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about July 28, 2016, at which time he was informed that ANTHEM had denied Plaintiff's appeal of the denial of his long term disability benefits.

**GENERAL ALLEGATIONS**

5. Plaintiff is informed and believes and thereon alleges that the Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, EDGECAST NETWORKS, INC. (hereinafter "EDGECAST") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7. On information and belief, ANTHEM insures the Plan and is contractually obligated to pay benefits for claims covered under the Plan.

**FACTUAL BACKGROUND**

8. At all times relevant hereto, Plaintiff, currently age 55, was employed by EDGECAST as a logistic data center technician, which included running cable implementing and installing networking equipment, routers, switches, etc., which required heavy lifting and climbing ladders. This job required moving servers that are 3 1/2 feet long.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

9. Plaintiff's job would be considered medium to heavy and is a blue collar type of work.

10. Plaintiff has been diagnosed with tonsillar cancer, stage III, and underwent both chemotherapy and radiation. He was advised of possible side effects including neuropathy, which he suffers from. The neuropathy and pain is both in his hands and feet. He also has tremors in his hand and on occasion his body shakes. He suffers from fatigue and loss of balance. His treating doctor, Dr. Green, indicated that Plaintiff is unable to perform physical activity and could not work. In addition, Plaintiff applied for social security and was approved and provided Defendant with a detailed record of the basis for the approval of benefits as part of his appeal.

11. Plaintiff received long term disability benefits from July 19, 2013 through December 8, 2015, at which time he was denied further disability benefits.

12. Since Plaintiff received disability benefits for more than 24 months, disability is defined as follows:

"(i) You are unable to do the duties of an gainful occupation for which you are or may become reasonably qualified by education, training or experience; and

(ii) You are receiving regular care from a physician for that injury or illness; and

(iii) Your disability work earnings, if any, are less than or equal to 60% of your indexed monthly earnings."

13. Plaintiff received the denial shortly after December 8, 2015 and appealed on April 25, 2016. It should be noted that the only basis for denying further disability benefits was based on an opinion from a nurse employed by Anthem. The administrative record does not document what records she received, but documents his complaints as poor balance, history of falls, fatigue, sleep

3

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

problems and depression. The nurse acknowledges that he has an essential tremor and glove stocking hypesthesia to pinprick and absent ankle jerks. AP (Attending Physician) limits him to less than sedentary work. The nurse never contacts Plaintiff's treating physician nor interviews the Plaintiff, and yet indicated, based on the fact that he could do basic things like write checks, pay rent, make bank deposits, do light shopping, housekeeping, take short walks and go to doctors and therapists, that he could do sedentary work on a full time basis.

14. When Plaintiff appealed, he included, as part of the appeal, the notice of favorable decision of the Social Security Administration. It contains a very detailed explanation of why he was awarded disability benefits. At the time of the appeal, Plaintiff, through his attorney, notified Defendant that if this appeal is denied, Claimant will object to any new investigation.

15. When Defendant denied the appeal for the first time, Defendant had a record review done by an oncologist and a neurologist, effectively sandbagging Plaintiff from rebutting this information, This new medical information should be stricken from the administrative record.

16. At no time was the Social Security opinion ever addressed by Defendant as part of their review of the appeal presented by Plaintiff. As held in the United States Supreme Court case of *Metropolitan Life v. Glenn* (2008) 554 US 105, an insurance company claiming offsets based on an award of Social Security benefits must provide a valid explanation of the reasons why their decision to deny is different from the ruling of the Social Security Administration. This they did not do. It should be noted that Anthem has requested that Plaintiff reimburse them for an overpayment based on his receipt of Social Security benefits which is the same factual situation as the *Metropolitan Life* case.

17. At no time did Defendant request an Independent Medical Review which is allowed in their Plan but relied only on a record review.

4
**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

18. The vocational analysis was bogus. It comes up with an occupation that is different from Claimant's occupation. It deals with sophisticated software from an intellectual perspective while Plaintiff is a technician. Also the usage support analysis requires arm and hand steadiness, along with finger and manual dexterity, all of which are inconsistent with tremors. Nowhere is there information about availability of these jobs or whether they satisfy the 60% income qualifier.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant ANTHEM

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

19. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

20. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

21. Since Plaintiff's long term disability benefits were denied on December 8, 2015, Insurance Code Section 10110.6 applies.

22. As a direct and proximate result of the denial of benefits, Plaintiff contends that Anthem has breached the contract by not paying monthly benefits, at a rate of $2,424.00 after Social Security offsets per month from December 8, 2015 to the present and continuing.

23. As a further direct and proximate result of the denial of benefits, and due to Defendant's unreasonable denial, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him, under the terms of the LTD Plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $2,424.00 per month, from December 8, 2015 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: August 9, 2016          LAW OFFICE OF BERNARD R. SCHWAM


By: /s/ Bernard R. Schwam
    BERNARD R. SCHWAM
    ATTORNEY FOR PLAINTIFF
    STEVEN CLARK